# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH OCOL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CHICAGO TEACHERS UNION, *et al.*,<br><br>        Defendants. | Case No. 18 C 8038<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

This lawsuit is one of several filed across the United States in the wake of the Supreme Court's decision in *Janus v. AFSCME 31*, 138 S. Ct. 2448 (2018). The plaintiff, a non-union public school teacher in the Chicago public schools, seeks to recover for himself and a putative class the so-called fair share fees he paid to the union prior to *Janus*, both pursuant to Section 1983 and the state tort law of conversion. He also seeks a declaration that his constitutional rights are violated by forcing him to accept the Unions as his exclusive bargaining agent and that the exclusive bargaining provision of the defendants' collective bargaining agreement with the Chicago public schools violates the United States antitrust laws.

While Defendants' Motion for Summary Judgment was pending in this Court, the parties agreed to stay consideration of the Motion until the Seventh Circuit disposed of *Janus* on remand from the Supreme Court because that court was considering the same issue, *i.e.*, the return of the fair share fees. The Seventh Circuit recently held that the defendant union need not return fair share fees collected prior to *Janus*. *Janus v. AFSCME 31*, 942 F.3d 368 (7th Cir. 2019). *See also Mooney v. Illinois Education Association*, 942 F.3d 368 (7th Cir. 2019). Plaintiff acknowledges that this decision forecloses his Section 1983 claim for refunds of the fair share payments and his First Amendment challenge to the Union's exclusive representation.

However, Plaintiff still has two arrows in his quiver: namely, a claim for refund of the fair share fees under state tort law (as opposed to Section 1983), and an antitrust challenge to the Union's collective bargaining agreements that command uniform salaries for teachers regardless of subject matter and that compels entry-level teachers to accept exceedingly low salaries negotiated by a bargaining unit to which they do not belong. The Unions respond by arguing that the Illinois Educational Labor Relations Act ("ILERA") preempts the Plaintiff's tort claim and in any event reliance in good faith on an unconstitutional statute is a defense to Illinois tort law. They also argue that antitrust claim is

subject to dismissal due to action immunity, statutory labor exemption, and the *Noerr-Pennington* immunity.

## II. DISCUSSION

### A. The Illinois Tort of Conversion

Plaintiff contends that he is entitled to recover his past fair share payments because they were collected pursuant to an unconstitutional statute, *i.e.,* the statute that authorized the fair share dues scheme. He responds to Defendants' preemption argument by claiming that the Defendants have taken the particular statutory provision that they relied upon out of context and that ILERA only provides the exclusive remedy for such a claim for fair share when the statute is triggered by the employee filing an objection to the fair share fees. Since plaintiff did not file and objection with ILERA, he argues that the statute does not apply and there is no preemption. However, this argument ignores a host of Illinois cases in which the state and federal courts have held tort claims to be exactly the type of claims preempted by ILERA. A claim for conversion, being a tort claim, is thus preempted. Plaintiff fails to cite any case in which an employee has been allowed to proceed in state court on a tort claim against either the Union or the school employer, while Defendants have cited a host of cases to the contrary. *See Shaikh v. Watson*, 2011 WL 589638

(N.D. Ill. 2011); and *Pugh v. Chicago Teachers Union*, 2012 WL 1623222 (N.D. Ill. 2012).

Defendants also argue that there can be no such tort claim because the Defendants' actions were taken pursuant to a statute that was existing at the time and thus were taken in good faith. They claim this as a defense to Illinois tort law. Plaintiff argues, citing *Norton v. Shelby County*, 118 U.S. 425, 442 (1886), that unconstitutional statutes are void *ab initio* and therefore cannot be a justification for a wrongful taking even if done in good faith. However, as Defendants point out, the *Norton* case has been distinguished by the Seventh Circuit in *Ryan v. County of DuPage*, 45 F.3d 1090, 1094 (1995), which held that existing statutes are "hard facts" on which people must be allowed to rely in making decisions and in shaping their conduct. Thus, conduct lawful under a statute cannot be later found wrongful due to a Supreme Court decision striking down that statute. Plaintiff criticizes the *Ryan* decision, but this Court is bound by it.

There have been numerous cases throughout the United States seeking state tort relief in lieu of Section 1983 proceedings after *Janus,* but none has been successful. At least Plaintiff has failed to cite any. The latest such case that denies recovery for fair share fees under state tort law comes from the Sixth Circuit in *Lee v. Ohio Education Association*, No. 19-3250 (slip op.

February 24, 2020). For these reasons the Defendants' Motion for Summary Judgment of Plaintiff's tort claim for conversion under Illinois law is granted.

## B. The Antitrust Claim

Plaintiff's antitrust claim is based on a tea leaf reading of the Supreme Court's *Janus* decision, in which the majority opinion stated that designating a union to be the exclusive bargaining agent, "substantially restricts the rights of individual employees" and that such designation constitutes "a significant impingement on associational freedoms that would not be tolerated in other contracts." *Janus*, 138 S. Ct. 2448 (2018). However, the constitutionality of exclusive representation was not before the Court and the statements quoted were dicta and made in response to the argument that requiring the Union, as the exclusive bargaining agent, to represent non-union members without fee (the so-called "free rider" argument) constituted a benefit to the non-union employee and a detriment to the union. However, the connection between associational freedom and the First Amendment was considered in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984), in which the Supreme Court held that the First Amendment permitted giving "the exclusive representative a unique role" that justified infringement of the rights of non-members. In addition, the Plaintiff admits that the Supreme Court

has never gone so far as to hold that the Constitution requires public employers to permit non-union employees to negotiate outside the Union negotiation. Knowing he is foreclosed from making this constitutional argument, he instead relies on the antitrust laws to make his case.

Plaintiff's antitrust argument is based on what he believes to be the anticompetitive evils of the present system that result from designating a Union to be the exclusive bargaining agent to the exclusion of non-members. He contends that such an arrangement allows the Union, through negotiation of a collective bargaining agreement, the power to benefit some teachers to the detriment of others by forcing a uniform salary structure regardless of subject matter and which allows the union to reward long-term incumbent teachers (who often hold leadership positions within the union) at the expense of payment of low salaries to entry level teachers. The exercise of these powers resulting from the exclusive bargaining agent role is clearly anti-competitive and a violation of the rule of reason.

Regardless of what Plaintiff thinks of the principle of exclusive representation for public employees and the collective bargaining agreements that result from such exclusive representation, it has been the accepted system in Illinois for the last 35 years and is the system adopted in most sister states.

It is difficult to see how such a system can be in violation of the federal antitrust laws. Moreover, since the exclusive bargaining principle has been designated by the Illinois legislature to be the system employed for labor relations for Illinois public employees, the state action exception to the Sherman Act clearly applies. *Parker v. Brown*, 317 U.S. 341 (1943). Finally, there is no way under current statutes and Supreme Court decisions that the Plaintiff's antitrust claim could be viable, and he has suggested none. Accordingly, Summary Judgment of dismissal of the antitrust claim is granted.

## III.  CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is granted in favor of the Defendants and against the Plaintiff on all claims.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 3/26/2020